■ In the Matter of MARCO TORTORA, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the respondent State Liquor Authority, made January 28, 1965 after a hearing, which disapproved the petitioner's application for a restaurant liquor license. By order of the Supreme Court, Queens County, entered July 6, 1965 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for determination. Determination annulled on the law, with $50 costs and disbursements; and respondent State Liquor Authority directed to issue forthwith such license to petitioner. The State Liquor Authority disapproved this application because (1) it was not satisfied that the premises would be operated as a bona fide restaurant, (2) the subject premises applied for under a prior licensee were never known as a genuine restaurant, and (3) the petitioner did not have the commensurate experience in the operation of a bona fide restaurant. These

conclusions and findings are speculative and find no support in the evidence. While we are reluctant, as a general rule, to upset the exercise of discretionary power by the Authority in this area of licensing, we feel we must exercise our judicial responsibility and strike down arbitrary determinations which are reached without foundation in fact or law (see *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818, affd. 15 N Y 2d 659; *Matter of Vitale* v. *Hostetter*, 20 A D 2d 917). The proof showed that petitioner's father operated an Italian cuisine restaurant in which petitioner " was brought up." He holds a present tavern license for another establishment with respect to which he formerly held a restaurant liquor license; the Authority never had any formal objections to the conduct of his other licensed business and the conversion to tavern license was voluntarily sought by petitioner. The dimensions of the premises which he has under conditional lease have available space for at least 80 restaurant patrons, clearly making the bar secondary in character. The kitchen is well equipped for a fair-sized restaurant trade and petitioner has indicated his intention of hiring a staff of five persons, four for the restaurant and one for the bar. The fact that the applied for premises were not known as a bona fide restaurant is foreign to the evidence and, furthermore, should not affect this petitioner's application (see *De Marino* v. *O'Connell*, 110 N. Y. S. 2d 364, 366). Under these circumstances, we find the Authority's determination was arbitrary. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.